IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VERNON KING JR. | § | |
| v. | § | CIVIL ACTION NO. 9:07cv6 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Vernon King Jr., proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

King challenges three disciplinary cases which he received on November 27 and December 8, 2006. He says that these cases were falsified and that he was written up in retaliation for requesting grievance forms. He acknowledged that his appeals of these cases had not been completed, but were still pending when he sought federal habeas corpus relief. King stated that he was eligible for release on mandatory supervision, but conceded that he was serving a life sentence, rendering him ineligible for release on mandatory supervision under Texas law. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002).

On February 20, 2007, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge first observed that by King's own admission, he had not exhausted his state remedies, inasmuch as his appeals of the disciplinary cases were still pending when he sought federal habeas corpus relief. Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

More significantly, the Magistrate Judge said, King's habeas corpus petition was without merit because he failed to show the deprivation of a constitutionally protected liberty interest. The Magistrate Judge examined the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293 (1995), in which the Court held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests are generally limited to freedom from restraint which, while not exceeding the sentence of its own force, nonetheless imposes atypical and significant hardship upon inmates in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2300. The Court went on to explain that rather than examining the language of regulations at issue, the operative interest is the nature of the deprivation. Sandin, 115 S.Ct. at 2301.

In the present case, the Magistrate Judge said, the punishments which King received included retention in his current classification status, 45 days of cell and commissary restrictions, and the loss of an unspecified amount of good time. The punishments of retention in classification status and cell and commissary restrictions do not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and so the Magistrate Judge stated that these claims lacked merit.

Under certain circumstances, the Magistrate Judge said, the loss of good time could impose an atypical or significant hardship, because it could result in the loss of a liberty interest in release on mandatory supervision. Teague v. Quarterman, --- F.3d — (5th Cir., March 17, 2007) (not yet published); Madison v. Parker, 104 F.3d 765, 766 (5th Cir. 1997) (release on mandatory supervision is arguably a liberty interest under Texas law). In this case, however, because King is serving a life sentence, he is not eligible for release on mandatory supervision.

Consequently, the Magistrate Judge said, the loss of good time serves only to affect King's possible release on parole, which does not implicate a liberty interest because there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991). In addition, the timing of King's release is too speculative to give rise to a constitutionally protected liberty interest. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Because King failed to show the deprivation of a constitutionally protected liberty interest, the Magistrate Judge said, his habeas corpus petition should be denied. The Magistrate Judge also recommended that King be denied a certificate of appealability *sua sponte*.

King filed objections to the Magistrate Judge's Report on March 22, 2007. These objections largely fail to address the basis of the Magistrate Judge's Report, but King does argue that he has a liberty interest in not having false statements and reports offered in evidence at the disciplinary hearing. This argument would effectively nullify the Supreme Court's decision in <u>Sandin</u> by shifting the focus of the inquiry away from the nature of the deprivation; inmates could claim the violation of a protected liberty interest simply by asserting that the charges were false. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Vernon King is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **30** day of **March, 2007.**

_____
Thad Heartfield
United States District Judge